IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM,

        *Plaintiff,*

*v.*

MARSHAL TURNER, TIMOTHY
MORRIS, LEE SIMON, OFFICER
TOWNSEND, *all in their individual and
official capacities*; MISSISSIPPI STATE
PENITENTIARY; and MISSISSIPPI
DEPARTMENT OF CORRECTIONS,

        *Defendants.*

CAUSE NO. 3:22-CV-107-CWR-FKB

## ORDER

Before the Court are the Defendants' motions to dismiss, Docket Nos. 5 and 7, the

Plaintiff's responses in opposition, Docket Nos. 31 and 33, and the Defendants' reply, Docket

Nos. 35 and 36. Upon review, the motions will be granted in part and denied in part.

I.       **Factual and Procedural History**

John Paul McCullum is an inmate at the Marion County Regional Correctional Facility

in Columbia, Mississippi. He was previously housed at Mississippi State Penitentiary

("MSP") in Sunflower County, Mississippi.

In this suit, McCullum alleges that on January 20, 2020, he was attacked at MSP and

that the administrators and officers failed to intervene and prevent the dangerous conditions

that led to his attack.

Specifically, McCullum alleges the following events. He was housed in a building that was severely over capacity. At the time of the incident, only one correctional officer, Officer Townsend, was assigned to supervise the entire building. Even though the unit was under institutional lockdown, Officer Townsend broke protocol and allowed inmates to roam freely. As McCullum finished his shower, an unidentified inmate attacked McCullum with a knife and stabbed him in the neck, back, head, and shoulder. While he screamed for Officer Townsend to help him, McCullum saw Officer Townsend running from "the zone." In an attempt to escape his attacker, McCullum climbed the guard tower, where he continued to scream for help. Officer Townsend did not immediately call for help. When Warden Lee Simon approached the gate, he saw McCullum on the guard tower screaming for help and walked away. McCullum alleges that Warden Simon and Timothy Morris, Head Warden of Unit 29, were aware of his attacker's propensity for violence because the attacker had assaulted someone else the prior week.

McCullum filed this suit against the Mississippi Department of Corrections ('MDOC"), MSP, and four of its administrators/officers ("Officers"): Marshal Turner, Timothy Morris, Lee Simon, and Officer Townsend, in their official and individual capacities. McCullum alleges that they failed to intervene or take preventive measures to reduce the inmate-on-inmate violence at MSP, in violation of the Eighth Amendment. McCullum further alleges that the Officers acted with deliberate indifference to the substantial risk of harm to the inmates and McCullum specifically. McCullum seeks compensatory and punitive damages.

McCullum attempted to serve the Officers by leaving a copy of the Summons and Complaint at the MDOC Central Office and the Attorney General's office. McCullum had 90

days to serve the Defendants under the Rules, and he did so on the 86th day. In response, MDOC, MSP, and the Officers filed two motions to dismiss for lack of subject matter and personal jurisdiction. They contend that the Eleventh Amendment bars the suit against MDOC, MSP, and the Officers in their official capacities. They further contend that the failure to effect timely service bars the suit against the Officers in their individual capacities.

II.     **Legal Standard**

A satisfactory complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and brackets omitted). Therefore, to survive a motion to dismiss, a complaint must "contain sufficient factual matter" to "state a plausible claim for relief." *Id.* While this does not require "detailed factual allegations," there must be more than a "the defendant-unlawfully-harmed-me allegation." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III.    **Discussion**

A.  **Claims Against MDOC, MSP, and the Officers in Their Official Capacities**

First up: McCullum's claims against MDOC, MSP, and the Officers in their official capacities.

It is well-established that "the Eleventh Amendment bars suits by private citizens against a state in federal court." *Fox v. Mississippi*, 551 F. App'x. 772, 774-75 (5th Cir. 2014) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)). The bar also "protects state actors in their official capacities." *Id.* Unless a state has waived its sovereign immunity, the Eleventh Amendment bars claims for money damages against that state in federal court. *McZeal v.*

*Louisiana*, No. 21-30631, 2022 WL 4078582, at *2 (5th Cir. Sept. 6, 2022) (citing *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273 (5th Cir. 2012)). The plaintiff may, however, pursue those claims in state court. *Id.*

Additionally, under 42 U.S.C. §§ 1983 and 1985, claimants may have a cause of action for civil rights violations only against "persons." *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011). But "the Supreme Court has held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Med RX/Sys., P.L.L.C. v. Texas Dept. of State Health Services*, 633 F. App'x. 607, 610 (5th Cir. 2016) (internal citations, quotation marks, and brackets omitted).

In joining MDOC and MSP, as well as state employees in their official capacities, McCullum's complaint runs head-first into the Eleventh Amendment's sovereign immunity bar. McCullum is barred from bringing claims against MDOC in federal court for money damages, because suing state agencies in federal court is the equivalent of suing the state. Further, the Officers, in their official capacities, are branches of the state and thus have sovereign immunity. Accordingly, the motions to dismiss are granted as against MDOC, MSP, and the Officers in their official capacities.

### B.  Claims Against the Officers in Their Individual Capacities

Next, the Court will consider the claims against the Officers in their individual capacities.

"Service of process is effective to establish personal jurisdiction over a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). A plaintiff has 90 days after the complaint is filed to serve the Defendant(s). Fed.

4

R. Civ. P. 4(m). If the plaintiff fails to do so, the Court must "dismiss the action without prejudice . . . or order that service be made within a specified time." *Id.*

In cases of improper service of process, district courts have broad discretion to dismiss the case or to quash service and give the party a chance to re-serve. *Lisson v. ING GROEP N.V.*, 262 F. App'x. 567 (5th Cir. 2007). Dismissal, however, is proper only when there is no "reasonably conceivable means of obtaining service" or if service would be futile. *Stanga v. McCormick Ship. Corp.*, 268 F.2d 544, 554 (5th Cir. 1959); *see Davis v. Hinds County, Miss.*, No. 3:16-CV-674-DPJ-FKB, 2017 WL 2269010 (S.D. Miss. May 23, 2017).

Officer Townsend claims that the Eleventh Amendment bar renders service futile. Docket No. 6 at 8. However, the "Eleventh Amendment does not erect barriers against suits to impose individual and personal liability on state officers under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (internal citations, brackets, and ellipses omitted) Further, "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Id.* Therefore, while the Eleventh Amendment bars McCullum's claims against the employees in their official capacities, it does not bar the claims against them in their individual capacities. As one of my colleagues explained in a case with similar facts as this one, "it is well established in this circuit that a suit against a state officer in his individual capacity for money damage is not a suit against the state for purposes of Eleventh Amendment immunity." *Johnson v. Epps*, No. 3:08-CV-632-CWR-FKB, 2010 WL 1568572, at *4, n.1 (S.D. Miss. April 19, 2010).

The Officers did not provide any information to suggest that service would be incurable. Accordingly, the motions to dismiss are denied as against the employees in their individual capacities. The Court grants McCullum 30 days to properly serve the remaining Defendants.

**IV.   Conclusion**

The motions to dismiss are granted as against MDOC, MSP, and the official-capacity claims against Officers Townsend, Turner, Morris, and Simon. The motions are denied in all other respects.

**SO ORDERED**, this the 8th day of February, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE