IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN PAUL MCCULLUM,**

          *Plaintiff,*

*v.*                                                                  Cause No. 3:22-CV-107-CWR-ASH

**MARSHAL TURNER, TIMOTHY MORRIS, LEE SIMON, and OFFICER CHARLES TOWNSEND,** *all in their individual capacities,*

          *Defendants.*

## ORDER

Before the Court are Defendants Marshall Turner, Timothy Morris, and Lee Simon's motion for summary judgment[1] and Plaintiff John Paul McCullum's motion to strike. Docket Nos. 101 and 106. Upon review, both motions will be denied.[2]

Defendants seek summary judgment on all of McCullum's § 1983 individual capacity claims. Docket No. 102 at 5. McCullum opposes the motion, arguing *inter alia* that he has not had "the courtesy of discovery." Docket No. 109 at 9. As Defendants motion for summary judgment was filed only 18 days into the discovery period, his point is well-taken.

---

[1] Officer Townsend did not join in the motion for summary judgment.

[2] McCullum asks the Court to strike Section 1 of Defendants memorandum because it "is not based on the issue of qualified immunity." Docket No. 107 at 2. The Court disagrees. Section 1983 individual capacity claims hinge on whether a defendant was personally involved in the alleged conduct. *See Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Absent a showing of personal involvement, such claims amount to *de facto respondeat superior. See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *City of Canton v. Harris*, 489 U.S. 378, 379 (1989). But if a plaintiff establishes personal liability, the defendant can respond by invoking qualified immunity as a defense. *See Est. of Davis*, 406 F.3d at 380.

Rule 56(d) "provide[s] non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion."[3] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Requests for a continuance of discovery are "broadly favored and . . . liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The non-movant (1) must submit a statement before the court rules on summary judgment, (2) "put the trial court on notice that further discovery" on the "motion is being sought," (3) demonstrate how "the requested discovery pertains to the pending motion," and (4) "diligently pursue relevant discovery." *Wichita Falls*, 978 F.2d at 919.

A Rule 56(d) continuance is appropriate here. Not only has McCullum "opposed [Defendants'] motion for summary judgment, alleging that some discovery [is] still outstanding," but he has also "submitted an affidavit showing how the outstanding discovery could have assisted him in opposing the motion." *Washington v. Allstate Ins.*, 901 F.2d 1281, 1286 (5th Cir. 1990). Among other things, McCullum explains that "Turner ignored [his] pleas to separate inmates prior to riots taking place" and that "Simon, Morris, and Turner were aware of" Officer Townsend's "gross incompetence and recklessness . . . when they assigned him to the unit where [he] would later be assaulted." Docket No. 108-2 at 1–2.

McCullum has also demonstrated diligent pursuit of discovery. He served initial disclosures on August 6, 2024. Rather than engage in any discovery, however, Defendants spent the next 10 days drafting their motion for summary judgment. Defendants now

---

[3] What is now Rule 56(d) was previously codified as Rule 56(f). *See* Fed. R. Civ. P. 56(d) advisory committee's notes to 2010 amendment.

complain about the lack of "supporting evidence." Docket No. 102 at 5. Their criticism is mystifying.

In addition to Rule 56(d), "in the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *Maldonado v. McHugh*, No. EP-11-CV-388-KC, 2012 WL 3292419, at *6 (W.D. Tex. Aug. 10, 2012) (collecting cases). Here, Defendants moved for summary judgment more than 25 weeks before the close of discovery. *See* Docket Nos. 99–101. There is no doubt that their motion is premature.[4] The Court will afford McCullum with the opportunity to complete discovery. Accordingly, the motion for summary judgment is denied. The parties are directed to contact the Magistrate Judge within 10 days to reschedule a case management conference.[5]

**SO ORDERED**, this the 10th day of March, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[4] *See Barnett v. Stafford Transp. of La.*, No. 1:20-CV-280, 2021 WL 2778281, at *2 (E.D. Tex. Mar. 12, 2021) (denying summary judgment as premature where motion was filed "approximately seventeen weeks before the close of discovery"); *Maldonado,* 2012 WL 3292419, at *7 (denying summary judgment as premature where motion was filed approximately thirty weeks before the close of discovery); *Anderson v. McClendon*, No. 5:18-CV-118-KS-MTP, 2019 WL 1371852, at *3 (S.D. Miss. Mar. 26, 2019) (denying summary judgment as premature where parties "still [had] over four months left in the discovery period").

[5] Defendants attempt to assert qualified immunity on all claims. Docket No. 102 at 6. McCullum contends that Defendants are not entitled to the defense because they have "failed to establish their initial burden." Docket No. 109 at 7. Defendants appear to concede to this in their reply. "To even get into the qualified-immunity framework, the government official must satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority. That oft-overlooked threshold requirement is dispositive." *Sweetin v. City of Tex. City*, 48 F.4th 387, 392 (5th Cir. 2022) (quotation marks omitted); *see Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318 (5th Cir. 2019). Given the procedural defects in the summary judgment motion, the Court will deny qualified immunity without prejudice to its reurging at the end of the discovery period.