UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                                              DEFENDANTS

ORDER

This matter is before the Court on Plaintiff John Paul McCullum's Motion to Compel Initial Disclosures and for Sanctions [120] against pro se Defendant Charles Townsend. After Townsend failed to respond, the Court ordered him to do so. Order [122]. Townsend complied [123], and McCullum filed a reply [124]. As explained below, the Court finds McCullum's Motion [120] should be granted in part and denied in part.

I.      Facts and Procedural History[1]

On July 29, 2024, the Court entered a Case Management Order [99] directing the parties to serve initial disclosures by August 6, 2024. Because all parties except Townsend complied, McCullum emailed and mailed a good-faith letter to Townsend requesting he produce the required disclosures by August 19, 2024. Townsend again failed to comply, and a day later, the Court stayed discovery pending ruling on Defendants' Motion for Summary Judgment [101].

On March 10, 2025, the Court denied the motion and ordered the parties to continue with discovery. Order [119]. McCullum again emailed and mailed a second good-faith letter to Townsend requesting he provide his initial disclosures by March 24, 2025. After Townsend failed to comply for the third time, the Court scheduled a discovery conference to address

---

[1] The facts presented below are a recitation of the facts discussed in the Court's previous order. Order [122].

Townsend's delinquent disclosures. Although the Court emailed and mailed a copy of the order setting the discovery conference, Townsend failed to appear.

On April 9, 2025, McCullum filed his motion to compel asserting that Townsend failed to serve his initial disclosures and that he should be compelled to do so. He also requests that the Court impose sanctions in the form of payment of reasonable fees and expenses incurred in filing the motion. After McCullum filed his motion, and on the day Townsend's response was due, Townsend emailed to McCullum's counsel an unsigned document titled "Disclosure Statement 2025." McCullum filed a notice of his receipt of this document in the record. Not. [121]. This document and Townsend's intent were "ambiguous in light of the pending motion to compel." Order [122]. Because the document failed to comply with Federal Rule of Civil Procedure 11 and Local Rule 7(b)(3)(A), the Court ordered Townsend to file a signed response with the Clerk of Court via mail by May 22, 2025. *Id.* Townsend filed a response, and McCullum filed a reply. Resp. [123]; Reply [124].

II.     Analysis

Federal Rule of Civil Procedure 26(a)(1)(C) requires parties to exchange initial disclosures without request and upon their own initiative within fourteen days of the Rule 26(f) conference, or by a time stipulated by the parties or court order. Fed. R. Civ. P. 26(a)(1)(C); *see also* L.U. Civ. R. 26(a)(1). And "[i]f a party fails to make a disclosure required by Rule 26(a)," Rule 37 allows a party "to move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

Although Townsend filed a response, McCullum says his disclosure statement "is completely unresponsive" to McCullum's motion and that "[he] has not provided any legitimate reason for failing to produce his initial disclosures." Reply [124] ¶ 5. The Court agrees.

Townsend's response only describes his perspective of the alleged incident underlying McCullum's § 1983 suit. Because nothing in his one-page statement responds to McCullum's motion, the Court finds that Townsend should be compelled to produce his initial disclosures.

Given Townsend's pro se status, the Court summarizes Townsend's obligations[2] under Rule 26. Townsend is ordered to provide the following to McCullum:

1. The name and contact information (including the address and telephone number, if known) of each person likely to have discoverable information that Townsend may use to support his defense.

2. For each person Townsend identifies, the subjects of the information that person has that will support Townsend's defense.

3. Copies or descriptions of documents, tangible items, or electronic files that Townsend has in his possession that he may use to support his defense.

4. A copy of any insurance policy agreement that covers any potential judgment that may be entered in this case against Townsend.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii), (iv).

For example, Townsend identifies a "Warden Simon" in his response. To the extent Townsend believes this individual has information that may support his defense, he is instructed to include the full name, contact information, and subjects of the information that Warden Simon knows or has. Townsend also says that "[w]e all knew that everybody in that zone was all gang affiliated, so there was no reason to think that [McCullum's] life was in danger." Townsend must also disclose the name and contact information of those individuals he references.

---

[2] As Townsend does not claim damages, *see* Answer [74], the Court declines to order him to provide a damages calculation. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

At this time, the Court denies McCullum's request to sanction Townsend. But the Court cautions Townsend that his failure to comply with this Order and serve his initial disclosures will result in adverse consequences. Specifically, if Townsend "fails to provide information or identify a witness as required by Rule 26(a) or (e)," he may not use that information or call that witness later at trial, unless his failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Court may also order Townsend to pay McCullum's reasonable expenses, including attorneys' fees, or impose a more severe consequence, such as an entry of default judgment against Townsend. Fed. R. Civ. P. 37(c)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(vi); *Haynes v. Otho*, MO-16-CV-96-DC, 2017 WL 11645307, at *3 (W.D. Tex. Nov. 17, 2017) (finding default judgment appropriate where pro se defendant repeatedly "failed to obey the Court's orders to provide or permit discovery").

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, McCullum's Motion to Compel Initial Disclosures and for Sanctions [120] is granted in part and denied in part. The request for sanctions is denied without prejudice. As to the request to compel, Townsend shall serve his initial disclosures by July 9, 2025. The Court again cautions Townsend that failure to comply with this Order or cooperate in discovery may result in the imposition of sanctions such as McCullum's reasonable expenses and attorneys' fees and, in the event of continuing non-compliance, an entry of default judgment against Townsend.

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

4