UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                            PLAINTIFF

V.                                             CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                    DEFENDANTS

ORDER

This case is before the Court on Plaintiff John Paul McCullum's Second Motion for Sanctions [142]. As explained below, the motion is denied without prejudice.

McCullum filed this motion on September 5, 2025, complaining that pro se Defendant Charles Townsend failed to respond to discovery requests served on him on June 20, 2025. McCullum asks the Court to "sanction Townsend by [ordering him to] pay[ McCullum's] reasonable expenses, including attorney's fees and costs" and to "consider whether rendering a default judgment against Townsend is appropriate under the circumstances." Mot. [142] ¶ 1. He also "respectfully requests the filing of any supporting memorandum be waived." *Id.* ¶ 10. Townsend failed to respond to McCullum's motion, and the time to do so under the local rules has now expired.[1]

This is at least the fifth motion McCullum has filed unaccompanied by a memorandum of law.[2] Local Rule 7(b)(4) provides that "[a]t the time [a] motion is served, *other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters*, counsel for movant *must* file a memorandum brief in support of the motion." (Emphasis added.)

---

[1] The last time the Court heard anything from Townsend was on May 23, 2025. Resp. [123].

[2] McCullum's motion to compel [120], his first motion for sanctions [132], this motion, his motion to deem requests for admission admitted [143], and his fee application [146] were all unaccompanied by memoranda of law.

McCullum's motion was not filed ex parte and does not involve necessitous or urgent matters. A memorandum in support was required, and the Court denies McCullum's request to waive that requirement. Because McCullum failed to file a memorandum as required, the Court denies his motion without prejudice. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion."); *Purnell v. Cohly*, No. 4:22-CV-77-DMB-JMV, 2022 WL 17327849, at *2 (N.D. Miss. Nov. 29, 2022) (denying pro se plaintiff's motions for failure to comply with Local Rule 7(b)(4)'s memorandum requirement).[3]

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2025.

                                                        s/ *Andrew S. Harris*
                                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court anticipates McCullum will re-file his motion, it offers some additional guidance. For starters, the memorandum accompanying a future motion for sanctions should state which subsection of Rule 37 is implicated. McCullum should also be more precise in identifying the relief he seeks: if he seeks fees and costs, he should enumerate those fees and costs and address their appropriateness under the applicable legal standards. *See* Order [144]. If he seeks default judgment, he should clearly so state and provide legal authority supporting a request for default judgment as a sanction.