UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                                           DEFENDANTS

ORDER

This case is before the Court on Plaintiff John Paul McCullum's Urgent and Necessitous Motion for Transport [150]. As explained below, the Court denies McCullum's motion.

McCullum, who is incarcerated in the Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, explains that Defendants Lee Simon, Timothy Morris, and Marshal Turner will be deposed on October 8, 2025, in the Walter Sillers Building in Jackson, Mississippi. Without citation to any authority, he says that he "is entitled to be present at the aforementioned depositions" and "requests that this Court issue a writ directing the Superintendent of [WCCF] to transport [McCullum] to appear" for the depositions. Mot. [150] ¶¶ 2, 4.

Once again, McCullum's motion was not accompanied by a memorandum of law, and the Court would be justified in denying it on that basis alone. *See* Order [151].[1] Nevertheless, because the Court finds it is also due to be denied on the merits, it addresses them.

> In the context of a writ of habeas corpus ad testificandum sought by an incarcerated *pro se* litigant, the Fifth Circuit has stated that such a [party's] physical presence is not necessarily required, *even at the*

---

[1] The Court is skeptical of McCullum classifying this motion as urgent and necessitous. McCullum first noticed these October 8, 2025 depositions on September 19, 2025, but waited another five days to file his motion. Further, the Court is doubtful McCullum first learned of the October 8 depositions (or the desire to conduct them) on the day he filed his notice. McCullum is, after all, the one noticing the depositions and, presumably, coordinated the date with opposing counsel. It appears any urgency is self-inflicted.

> *trial stage*. [*Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).] Although not directly on point, certainly if there is no absolute right for an incarcerated *pro se* litigant to personally attend his trial, there can be no absolute right for an incarcerated *pro se* litigant to personally attend the deposition of a fact witness.

*Henderson v. Tanner*, No. 14-804, 2018 WL 1907957, at *2 (M.D. La. Apr. 23, 2018) (footnote omitted) (emphasis added). The *Ballard* court articulated factors that a district court should consider "to determine whether [a] prisoner [party] should appear at trial," including "'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.'" *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996) (quoting *Ballard*, 557 F.2d at 480).

McCullum's motion addresses none of these factors or the logistical and security issues involved in transporting him more than two hours each way to attend depositions in a state office building. He has offered no factual argument for why his physical presence at the depositions is required or explanation for why other options—such as appearance from WCCF by videoconference—are not sufficient.[2] McCullum's motion does not indicate that he met and conferred with counsel opposite about the logistics of either his proposal or alternative options.[3] Considering the *Ballard* factors as applied to the thin record before it, the Court concludes that McCullum has failed to show that the issuance of a writ of habeas corpus ad testificandum is appropriate. It therefore denies his motion.

---

[2] To be clear, the Court is not indicating that McCullum has a right to participate in or view the depositions via videoconference. It is merely suggesting alternative means that may be acceptable to all parties.

[3] McCullum's motion fails to "advise the court whether there is opposition to the motion" as required by Local Rule 7(b)(10).

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2025.

                                          s/ *Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE