UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                          DEFENDANTS

ORDER

This case is before the Court on Plaintiff John Paul McCullum's application for fees and costs. Mot. [146]. As explained below, the Court grants McCullum's motion in part.

On June 25, 2025, the Court granted in part McCullum's motion to compel as to pro se Defendant Charles Townsend's delinquent initial disclosures. Order [127]. When Townsend failed to fully comply, McCullum moved for sanctions. Mot. [132]. On September 10, 2025, the Court granted the motion for sanctions and directed McCullum to file "an application for fees and costs, supported by an affidavit or declaration and billing records, that addresses the lodestar method as well as the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." Order [144]. McCullum timely filed his fee application; Townsend failed to respond, and the time to do so under the local rules has now expired.

"When a court awards attorney fees as part of a sanction under Rule 37, it . . . must use the familiar two-step lodestar process." *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 326 (5th Cir. 2023).

> Under the first step, a court must calculate the "lodestar," which is equal to the number of hours reasonably expended multiplied by an appropriate hourly rate (excluding hours that are excessive, duplicative, or inadequately documented). To determine the rate, the court looks to the market rate in the community for similar work. The court must give "a reasonably specific explanation for all aspects of a fee determination," including its determination of appropriate hourly rates.

*Id.* at 326–27 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)) (footnotes omitted). "Under the second step, a court must consider whether the lodestar amount should be adjusted up or down [considering] the 12 factors that appeal in *Johnson* . . . ." *Id.* at 327.

> The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 n.18 (5th Cir. 2006) (citing *Johnson*, 488 F.2d at 717–19).

McCullum seeks fees of $1,062.50 for 4.75 hours of legal work performed by his attorney at a rate of $250.00 per hour. Having reviewed the detailed billing statement, the Court concludes McCullum's attorney reasonably spent 4.75 hours working on the effort to obtain Townsend's initial disclosures and has demonstrated billing judgment by writing off half an hour of time. And given his attorney's level of experience and prevailing market rates, the Court finds the $250.00 hourly rate appropriate. *See, e.g.*, *Evans v. Evans*, No. 5:22-CV-37-DCB-BWR, 2025 WL 1886670, at *4 (S.D. Miss. July 8, 2025) (finding hourly rate of $250 "well within the current range of market rates for civil litigation trial and appellate attorneys customarily charged in the locality"). The lodestar amount of $1,062.50 is factually and legally supported. The Court has also considered the *Johnson* factors and finds no factor requires an adjustment to the fee award arrived at through the lodestar method. Finally, the Court concludes McCullum is entitled to reimbursement for $1.50 in expenses for copies, $0.73 for postage on July 9, 2025, but only

$0.78[1] (reduced from $2.19) for postage on July 29, 2025, because McCullum has failed to demonstrate why more than one stamp is needed to mail 11 pages.

It is, therefore, ordered that McCullum's fee application [146] is granted in part. Townsend is ordered to pay McCullum $1,065.51 in attorney's fees and expenses incurred in attempting to obtain his initial disclosures.

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] On July 13, 2025, the cost of a stamp increased from $0.73 to $0.78.