UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                                                  DEFENDANTS

ORDER

This case is before the Court on Plaintiff John Paul McCullum's motion to deem requests for admission admitted [143]. As explained below, McCullum's motion is denied as unnecessary or, in the alternative, as moot.

McCullum's counsel served a set of requests for admission on pro se Defendant Charles Townsend on July 29, 2025. Under Federal Rule of Civil Procedure 36(a)(3), Townsend's responses were due on or before August 28, 2025. As of September 5, 2025, Townsend had failed to object or respond to the requests, so McCullum moved to deem the requests admitted.[1] Because McCullum's motion was not accompanied by a memorandum in support as required by Local Rule 7(b)(4), the Court directed him to file a supporting memorandum. McCullum complied; Townsend filed no response to the motion, and the time to do so under Local Rule 7 has now expired.[2]

Federal Rule of Civil Procedure 36(a)(1)(A) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions

---

[1] Nothing on the docket suggests Townsend responded to the requests after September 5, 2025.

[2] Counting from the date McCullum's motion was filed, Townsend's response was due on September 19, 2025. Running from the date McCullum filed his memorandum, Townsend had until September 30, 2025, to respond.

about either." And Rule 36(a)(3) explains that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." "Rule 36(a)(3) is a 'self-executing' provision. That is, once the time to respond has passed, the matter, absent an objection, is 'conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.'" *Walker v. Hunt*, No. 1:19-CV-246-LG-RPM, 2020 WL 14015386, at *1 (S.D. Miss. Dec. 21, 2020) (first quoting *Zyzek v. Am. Sec. Ins. Co.*, No. 15-1891, 2015 WL 13035283, at *1 (W.D. La. Dec. 15, 2015), then quoting Fed. R. Civ. P. 36(b)) (footnote omitted); *see also id.* at *1 n.1 (collecting cases).

Because Rule 36(a)(3) is self-executing, "a court order deeming the request[s] admitted is unnecessary." *Zyzek*, 2015 WL 13035283, at *1 (citing *Giovanni v. Cain*, No. 13-0566-BAJ-RLB, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014)); *see also Aguirre v. Asti Home Care, LLC*, No. EP-18-CV-149-KC, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (observing that "it is not clear that Plaintiff needed to file [her] Motion to deem admitted her requests for admission" because "a request for admission is deemed 'admitted by default' in the absence of a timely response"). Numerous courts addressing motions like McCullum's have reached similar conclusions: the automatic operation of Rule 36 renders the request moot or unnecessary. *See, e.g.*, *Santiny Contractors, LLC v. Sayania*, No. 19-780-SDJ, 2021 WL 641379, at *1 (M.D. La. Jan. 19, 2021) (denying as moot); *Hicks v. Gilchrist Constr. Co.*, No. 3:19-CV-01266, 2020 WL 13158070, at *1–2 (denying as unnecessary and superfluous); *Zyzek*, 2015 WL 13035283, at *1 (denying as unnecessary and redundant). This interpretation comports with Rule 36(b), which places the burden on the non-answering party to set aside an admission. Indeed, the Fifth

"Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

McCullum has shown that he properly served the requests on Townsend, and Townsend failed to object or respond within the time permitted. Because Rule 36(a)(3), as matter of law, deemed McCullum's requests admitted when Townsend failed to respond, an order from the Court is unnecessary. Accordingly, the Court denies McCullum's motion as unnecessary or, alternatively, finds the request moot in light of Rule 36(a)(3).

**SO ORDERED AND ADJUDGED** this the 21st day of October, 2025.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE