UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN PAUL MCCULLUM                                                           PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:22-CV-107-CWR-ASH

MARSHAL TURNER, ET AL.                                        DEFENDANTS

ORDER

This case is before the Court on Plaintiff John Paul McCullum's Urgent and Necessitous Motion for Reconsideration [162] of the Order [152] denying McCullum's first Motion for Transport [150].

McCullum, who is incarcerated in the Wilkinson County Correctional Facility in Woodville, Mississippi, asks the Court to "issue a writ directing the Superintendent of Wilkinson County Correctional Facility to transport him to appear on November 4 or 5, 2025, at the Walter Sillers Building" so he can attend the depositions of Defendants Lee Simon, Timothy Morris, and Marshal Turner. Mot. [162] at 2; *see also* Reply [175] at 1. The Court ordered expedited briefing. Defendants filed a response [170], and McCullum filed a reply [175]. As explained below, the Court has reconsidered the issue but denies McCullum the relief he seeks.

McCullum relies on Rule 59(e) to ask the Court to reconsider its prior Order [152] denying his request for transport to attend the Defendants' depositions.[1] But this is the wrong standard. An interlocutory order, such as the Order [152] here, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[1] McCullum's reliance on *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), is also problematic. First, *Christianson* is inapplicable because it does not address Rule 59(e) or Rule 54(b), but one appellate court revisiting the jurisdictional analysis of another. Second, McCullum's elisions omit a substantial and material portion of the quoted text.

liabilities." Fed. R. Civ. P. 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Reconsideration under Rule 54(b), however, is "exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Knox v. Cain*, No. 5:23-CV-241-KHJ, 2023 WL 4053413, at *2 (S.D. Miss. June 16, 2023) (quoting *Lafayette City-Par. Consol. Gov't v. United States*, 622 F. Supp. 3d 257, 262 (W.D. La. 2022)). Defendants' opposition is limited to the merits, not reconsideration. And because McCullum has now submitted a brief that his prior motion lacked, the Court will reconsider the issue.

Turning to the substantive arguments, McCullum seeks a "writ" ordering his transport, and Defendants oppose it. Both parties rely on the factors articulated in *Ballard v. Spradley*, 557 F.2d 476 (5th Cir. 1977). But neither party explains what authority the Court could invoke to order the Mississippi Department of Corrections to transport McCullum from prison to an office building to watch another party's deposition.

*Ballard* involved the application of 28 U.S.C. § 2241(c)(5), "which 'codifies the common law authority of federal courts to issue writs of habeas corpus *ad testificandum* and *ad prosequendum*.'" *Dockery v. Fisher*, No. 3:13-CV-326-WHB-JCG, 2017 WL 11681457, at *1 (S.D. Miss. July 12, 2017) (quoting *Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008)). Among other things, that statute "authorizes the district court to issue a writ of habeas corpus commanding that the prisoner be delivered to the court 'to testify or for trial.'" *Id.* (quoting *Barnes*, 544 F.3d at 809) (cleaned up). This led one court in this district to observe "the plain

language of Section 2241(c)(5) makes clear that the Writ is limited to bringing a prisoner 'into court;' it cannot compel a recalcitrant non-party prisoner's presence at a deposition set to take place at his or her prison facility." *Dockery*, 2017 WL 11681457, at *2 (collecting cases).

Similarly, § 2241(c)(5) does not authorize a writ to bring McCullum to a government office building (as opposed to a court) for the purpose of observing (rather than giving) testimony.[2] Alternatively, the All Writs Act might be an appropriate source of authority. *See* 28 U.S.C. § 1651(a) (providing that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Or it might not. *See, e.g.*, *Ivey v. Harney*, 47 F.3d 181, 187 (7th Cir. 1995) (analyzing § 2241(c)(5) and § 1651(a) where prisoner failed to identify what "writ would be appropriate" and holding neither provides authority for "a court [to] order a custodian to transport the prisoner outside the prison to acquire evidence in a suit to which the custodian is not a party"). But without analysis from the parties, the Court declines to delve further into the issue. Nor is it necessary to do so. McCullum applies the *Ballard* factors to his request. And, assuming they apply, the Court finds that his motion for transport should be denied under those factors.

The *Ballard* decision articulated factors that a district court should consider "to determine whether [a] prisoner [party] should appear at trial," including "'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can

---

[2] A decision the Court cited in its prior Order, *Henderson v. Tanner*, Nos. 15-804-SDD-EWD & 17-241-SDD-EWD, 2018 WL 1907957 (M.D. La. Apr. 23, 2018), denied a comparable request using the *Ballard* factors, but did not address § 2241(c)(5)'s applicability.

be stayed until the prisoner is released without prejudice to the cause asserted.'" *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996) (quoting *Ballard*, 557 F.2d at 480).

Looking at each factor in turn, the Court agrees with Defendants that only the fourth *Ballard* factor, the lack of amenability of the case to a stay order, weighs in favor of McCullum's motion to attend these depositions in person. Resp. [170] at 3. The other three—the benefit the prisoner's presence will have in resolving the case, the security considerations necessarily implicated by prisoner transport, and the cost of transport—all count against McCullum.

Turning to factor one, McCullum asserts his physical presence will substantially aid in the speedy resolution of this case because he can confer with counsel in real-time about the testimony. Pl. Mem. [163] at 8–9. He also complains that virtual attendance—which Defendants agree may occur—cannot "replicate the advantages of the Plaintiff's real-time, in-person involvement" and that the presence of guards may jeopardize attorney-client communications. *Id.* at 9; *see also id.* at 4. While the Court is sympathetic to McCullum's preference for in-person attendance, he would attend only as an observer and, presumably, to offer input to his attorney. McCullum is represented by able counsel who, while likely grateful to have his client's in-person assistance, should not require it to take a deposition. Additionally, Defendants agree McCullum may participate via video conference, with headphones, and with opportunities to confer with counsel. In-person attendance is not essential. Nor does it outweigh the other factors, explained below, that address transporting McCullum from prison to an office building.

As to his concern about the presence of a guard during private communications with counsel, the Court expects guards would remain present even if McCullum attended in person (just as they did during his in-person settlement conference with the undersigned). The mere

4

presence of an officer in a room with McCullum, particularly while he is utilizing headphones, does not change the Court's conclusion.

Turning to the second *Ballard* factor, security concerns, McCullum's arguments do nothing to alleviate this Court's own significant concerns. McCullum is currently incarcerated following his conviction for armed robbery. Miss. Dept. of Corr., Inmate Details, John McCullum, https://www.mdoc.ms.gov/inmate_search/getDetails/R5586 [https://perma.cc/KPS2-GNFK] (last visited Nov. 4, 2025). Additionally, Defendants have presented prima facie evidence of McCullum's gang affiliation. *See* Ex. [170-1] at 1 (showing a MDOC Security Threat Group participation form that lists McCullum as a member of the "Gangster Disciples").[3] McCullum cites his participation at a prior settlement conference as reason for this Court to allow his in-person participation at the upcoming deposition. Pl. Mem. [163] at 7. That settlement conference, however, occurred at the United States Courthouse in Jackson, Mississippi—a secure facility with infrastructure to safely handle the appearance of prisoners and detainees. The Walter Sillers Building, in contrast, is an office building. McCullum has failed to demonstrate the security there is comparable (and, in the undersigned's experience, it is not).

The third *Ballard* factor, expense, weighs against McCullum's requested in-person attendance. Defendants estimate transporting McCullum for in-person attendance will cost the State of Mississippi $834.47. Given the alternative solution to attend via video conference, something that is cheap and effective, this factor also weighs against McCullum's motion.

---

[3] The Court acknowledges the date inconsistency on the Security Threat Group Form that McCullum raises. *See* Reply [175] at 2. Given McCullum's conviction for a violent crime in conjunction with his prior admission of gang affiliation, this is not enough to remedy the Court's security concerns.

Factor four—the viability of staying the case until release—does weigh in favor of McCullum's motion. McCullum's tentative release date is in 2037. Pl. Mem. [163] at 9. It is not tenable to delay this suit until he is released. As with the first factor, however, the availability of video conference technology offers a middle ground that allows the suit to proceed and McCullum to actively participate in it, while avoiding the safety risks and costs associated with transporting a prisoner to an office building.

The undersigned has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the Court has reconsidered McCullum's request, but denies the relief he seeks. His request for transport to observe Defendants' depositions is denied.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2025.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE

6